68 So.2d 177 (1953)
FULLER et al.
v.
FULLER.
Supreme Court of Florida. Division A.
November 17, 1953.
J. Lewis Hall, Tallahassee, and James G. Pace, Miami Beach, for petitioners.
Pallot, Silver & Mulloy, Miami, for respondent.
MATHEWS, Justice.
This is a petition for writ of certiorari to review the order of the Chancellor denying a motion to dismiss a bill of complaint in the nature of a bill of review.
In an original bill of complaint filed by the husband for a divorce it was alleged that the parties had settled the property rights by an agreement between themselves, dated October 20, 1950. A bill for divorce was filed November 21, 1951. The bill for divorce contained the agreement between the parties. This agreement provided that certain property would be placed in trust with a realtor to be sold at a price of not less than $22,500, and after certain expenses were paid, one-half the balance of the money should be paid by the trustee to the wife at the rate of $50 per week until the principal and interest should become exhausted.
In her answer, the wife alleged that the husband had induced her to sign the agreement by fraud and that she was not advised of the contents of the agreement and she was without counsel at the time the same was executed. She claimed that she relied entirely upon the husband in whom she had confidence. In this divorce proceeding, in which the wife was represented by counsel, it was stipulated that the husband would pay an additional $4,000 to the wife. In the divorce proceeding the wife offered no testimony to substantiate her claim of fraud and her attorney made the announcement that the wife did not desire to offer any testimony and waived argument on the motion to dismiss the bill of complaint which was incorporated in the answer. He (the attorney) even waived cross-examination of witnesses for the plaintiff. On April 11, 1952, final decree of divorce was entered. On July 28, 1953, the wife filed a bill in the nature of a bill of review, attacking the final decree and alleging substantially the same charges of fraud on the part of the husband that had been alleged in her answer *178 in the divorce suit. In due course a motion to dismiss the bill of complaint in the nature of a bill of review was filed and the Court on September 21, 1953, made an order denying the motion to dismiss. This proceeding is for the purpose of reviewing that order.
In the allegations of the bill in the nature of a bill of review the wife again attacks the original property settlement agreement and claims that she was without counsel at the time it was signed, she was not advised of its contents and that the same was induced by fraudulent representations on the part of the husband. These are practically the same allegations contained in the answer in the divorce suit where she had counsel and had an opportunity to support her allegations of fraud, which she failed to do.
The wife further alleged in the bill in the nature of a bill of review that after the divorce proceedings were instituted, a valid sale had been made under the trust agreement, a mortgage had been given for part of the purchase price and that the husband was the real purchaser of the property. There is no allegation that the price was below that agreed upon in the original property agreement. This property agreement was ratified and confirmed in the divorce proceeding by the payment of the additional $4,000 as provided for in that proceeding. The wife further alleged that the husband had purchased other properties during the period of the divorce proceeding which were held in the name of someone else and that the husband is the holder of a judgment which is about to be paid off.
In the divorce proceedings the husband and wife were dealing "at arm's length". In that very proceeding she charged him with fraud. She was represented by an attorney of her own choosing. No confidential relationship existed between them and in such a proceeding she had no right to rely upon her husband to disclose anything to her with reference to his property or business transactions. Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893.
Litigation should end sometime. After the wife became suspicious of the husband, she charged him with fraud. She was afforded every opportunity to prove her allegations. She refused to do so and instead accepted an additional payment of $4,000 in further settlement of her property rights. The motion to dismiss the bill in the nature of a bill of review should have been granted.
It is, therefore, ordered that the writ of certiorari be granted, and that the Chancellor set aside the order, dated September 21, 1953, denying the motion to dismiss the bill in the nature of a bill of review, and take further proceedings in accordance with this opinion.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.